IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CLAUDIA D. STUMPNER, *et al.*,

    Plaintiffs,                                                             ORDER

    v.                                                                     14-cv-612-wmc

CENTRAL REFRIGERATED SERVICE, INC., *et al.*,

    Defendants.
_____

    Despite this case being set for a jury trial to commence January 25, 2016, the only filings in this case to date are the pleadings. Accordingly, the court held a telephonic status conference today. Plaintiffs appeared by Attorney Robert G. Dowling; defendants appeared by Attorney Paul C. Werkowski; and subrogated or involuntary plaintiff United Healthcare of Wisconsin appeared by Attorney Matthew S. Mayer.

    **A. Overview**

    This case arises out of an auto accident and was removed to federal court by defendants on diversity grounds. Plaintiffs are Claudia Stumpner and her two minor children C.W. and R.J.W. The two minor children are represented by their GAL, Robert G. Dowling, who is also plaintiffs' counsel. Stumpner and her children are citizens of Wisconsin.

    Defendants consist of Central Refrigerated Service, Inc., a Nebraska Corporation with its principal place of business in Utah, defendant Michael P. Lambert, its driver, who is a citizen of California, and defendant Ramon G. Clark, the driver's supervisor, who is a citizen of Nevada. Plaintiffs also name Red Rock Risk Retention Group, Inc., an

Arizona corporation with its principal place of business also in Arizona, as a defendant. Red Rock insured Central Refrigerated and its employees.

There are also three subrogated or involuntary plaintiffs, Wisconsin Department of Health Services, Wisconsin Casualty Recovery, and ABC Health Insurance Plan, now known as UnitedHealthcare of Wisconsin ("UHC").  (*See* Answ. And Claim for Subrogation (dkt. #9).)  While the notice of removal does not expressly address it, the court need not consider the citizenship of the three involuntary health care plaintiffs in determining whether there is complete diversity.  *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

In light of the nature of the accident and allegation of injuries, the amount in controversy requirement also appears to have been met.  Specifically, the complaint alleges that on January 30, 2011, defendant Lambert was negligently operating a semi-truck in Fremont, Wisconsin in the course and scope of his employment with defendant Central Refrigerated, causing a collision with Stumpner's vehicle.  Stumpner was seriously and permanently injured, as were her two children, who suffered the loss of Stumpner's full society and companionship.  The complaint further alleges that defendants Clark and Central Refrigerated were negligent in their training and supervision of Lambert.

## B.  Procedural Posture

The case was filed in Portage County Circuit Court on June 24, 2014. (Dkt. #6-1.)  Defendants removed this action on September 9, 2014. (Dkt. #1.)   (The last

defendant was served on August 14, 2014, *see* 28 U.S.C. § 1446(b)(2)(C), and therefore, the notice of removal was timely.)  Defendants answered the complaint.  (Dkt. #4.) Involuntary or subrogated plaintiff UnitedHealthcare of Wisconsin, Inc., also answered the complaint and asserted crossclaims and counterclaims.  (Dkt. #9.)

After both the dispositive motion deadline and motions in limine deadline had passed without any word from the parties, the clerk's office set a telephonic status conference for December 17, 2015.  In response, my chambers received an unsolicited joint call from plaintiffs' and defendants' counsel last Monday, the 7th (the same date the conference was set), in which the parties represented that they had reached a settlement, but explained that there were two outstanding issues.  As suggested during that call, plaintiffs' counsel then provided a letter to the court, setting forth two remaining issues.

*First*, because minors are involved, the court will need to approve the settlement pursuant to Wis. Stat. § 807.10.  The court advised the parties to refer to the papers filed by the parties and the court order in *Boisvert v. Lennox Health Products, LLC*, No. 14-cv-14-wmc.  The proposed motion and any supporting materials are due on or before January 8, 2016.  After review of the materials, the court will schedule a hearing on the motion if necessary.  Also, if any party seeks an order dismissing this action, any proposed dismissal order is also due on or before January 8, 2016.

*Second*, plaintiffs represented in the letter that Stumpner and UHC had not been able to reach an agreement on the amount of reimbursement.  On the call, however, the

parties advised the court that an agreement had been reached, thus mooting this second issue.

Until the court receives the motion for approval of the settlement, the court will maintain on its calendar both the final pretrial conference, scheduled for January 12, 2016, at 4:00 p.m., and the trial, scheduled to commence January 25, 2016, at 9:00 a.m.

## ORDER

IT IS ORDERED that:

1) The parties' motion for approval of a settlement involving minors pursuant to Wis. Stat. § 807.10, any supporting materials, and any proposed dismissal orders are due on or before January 8, 2016; and

2) The clerk's office is directed to keep the final pretrial conference and trial date on the court's calendar until receipt of the motion for approval of settlement.

Entered this 17th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge